UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-63167-GAYLES
(Case No. 18-cr-60029-GAYLES)

**KERVENS GEORGES,**

    **Movant,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

**ORDER**

THIS CAUSE came before the Court upon Kervens Georges' ("Movant") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court issued an Order to Show Cause, [ECF No. 5], to which the United States filed a response, [ECF No. 6]. Movant filed his reply. [ECF No. 7]. Movant later filed a notice of supplemental authority. [ECF No. 10]. The motion is now ripe for review.

**I.    BACKGROUND**

The procedural history of the underlying criminal case reveals that Movant was charged by Information with possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). [CR-ECF No. 1].[1] On June 7, 2018, Movant entered a plea of not guilty pursuant to a written plea agreement and factual proffer. [CR-ECF No. 32, 32-1]. The factual proffer established that Movant

---

[1] References to entries in the Movant's criminal case, 18-cr-60029-GAYLES, will be denoted by CR-ECF No.

used more than ten victims' personal identifying information to commit access device fraud. [CR-ECF no. 32-1 at 1]. During a search of Movant's residence, law enforcement found personal identifying information of over 5,000 victims. [*Id*. at 2]. The factual proffer also established that financial institutions and companies suffered more than $1.1 million in losses. [*Id*. at 3-4]. The plea agreement recommended that the Court find the loss amount under USSG Section 2B1.1(b)(1) was between $1.5 million and $3.5 million. [CR-ECF No. 32 at ¶8(b)].

During the change of plea hearing, Movant stated that he had discussed the charges with his counsel and was satisfied with his counsel's performance. [ECF No. 6-1 at 5-7]. Movant agreed that the factual proffer was true and correct and that he signed it after reading it and discussing its contents with his counsel. [*Id*. at 9-10].

The Presentence Investigation Report ("PSI") noted that although Movant had obstructed justice by misrepresenting his immigration status after his arrest, the government was not seeking an enhancement for obstruction. PSI at ¶ 22. The PSI established a total offense level of 23 which included a 16-point enhancement because the amount of loss was between $1.5 million and $3.5 million and because the crime involved ten or more victims. PSI at ¶¶ 24-36. The resulting guideline range, based on criminal history category I, was 46 to 57 months. PSI at ¶78. The aggravated identity theft charge carried a mandatory consecutive sentence of twenty-four months. *Id*. The PSI provided that the total amount restitution was $1,093,404.90 based on the losses of at least five financial institutions. *Id*. at ¶88. Movant did not file any objections to the PSI, but his counsel filed a Motion for Downward Departure seeking a reduced sentence for the possession of unauthorized access devices charge. [CR-ECF No. 49]. Among the reasons argued for a downward departure was that the amount of loss contained in the PSI overstated the amount of loss that was tied to Movant's conduct.

The Court adjudicated Movant guilty and sentenced him to 46 months' imprisonment as to the possession of unauthorized access devices charge and a mandatory consecutive 24 months' imprisonment for the aggravated identity theft charge. [CR-ECF No. 51]. The Court also ordered Movant to pay $1,093,404.90 in restitution. *Id*. There was no appeal.

On December 23, 2019, Movant filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. [ECF No. 1].

## II.     LEGAL STANDARDS

### A.     Standard of Review for § 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *see also*, *United States v. Frady*, 456 U.S. 152, 165 (1982) (collecting cases)). If a court finds a claim under § 2255 valid, the court shall vacate and set aside the judgment and discharge the prisoner, grant a new trial, or correct the sentence. *See* 28 U.S.C. § 2255. The burden of proof is on Movant, not the Government, to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017), *reh'g en banc denied*, *Beeman v. United States*, 899 F.3d 1218 (11th Cir. 2018), *cert. denied*, *Beeman v. United States,* 139 S. Ct. 1168 (2019).

### B. Ineffective Assistance of Counsel Standard

A criminal defendant is entitled to the effective assistance of counsel before deciding whether to plead guilty. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). Where a movant challenges his counsel's effectiveness, he must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the movant cannot meet one of *Strickland*'s prongs, the court need not address the other. *Id.* at 697.

To show deficient performance, the movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To show prejudice, the movant must establish that, but for his counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In the sentencing context, this requires a showing that the sentence would have been less severe. *Glover v. United States,* 531 U.S. 198, 203 (2001). Conclusory allegations of ineffective assistance are insufficient under *Strickland*. *See Boyd v. Comm's, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

### III. DISCUSSION

Movant has presented five claims for relief. In his first claim, he contends that his counsel was ineffective for failing to seek a continuance of the sentencing hearing. In his second and fourth claims, Movant argues that counsel was ineffective for failing to challenge the restitution amount ordered. Movant's third claim argues that his counsel was ineffective for failing to object to the 16-level enhancement under USSG § 2B1.1(b)(1) as violative of *Apprendi*[2]. In his fifth claim, Movant argues an *ex post facto* violation occurred because at the time of his offense precedential

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

law in the Eleventh Circuit did not classify social security cards as access devices.

    **A.**    **Counsel's Failure to Seek Continuance of Sentencing**

Movant first argues that his counsel was ineffective for failing to seek a continuance of the sentencing hearing. He claims that "counsel allowed the Court to proceed to sentencing" without resolving the motion for downward departure. [ECF No. 1 at 4]. He also seems to argue that his sentence was affected by his earlier false claim of United States citizenship and that the government lied about this claim.

This claim is without merit. The sentencing transcript reveals that Movant's counsel was permitted to argue the motion for downward variance and present witnesses in support thereof. [ECF No. 6-2 at 3-12]. After hearing argument from counsel and the government, the Court declined to depart from the guidelines. [*Id*. at 24]. Although the government pointed out Movant's misrepresentation of his immigration status, [*Id*. at 16-17], there is nothing in the record that indicates Movant's actions in this regard affected his sentence. Because Movant cannot establish either deficient performance or prejudice, his claim that counsel was ineffective for failing to obtain a continuance of the sentencing hearing is denied.

    **B.**    **Counsel's Failure to Challenge Restitution**

In his second and fourth claims, Movant argues his counsel was ineffective for failing to challenge the order of restitution. Claims challenging restitution amounts are not properly raised in a § 2255 motion because they do not seek release from custody. *See Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009). Because the two claims challenging restitution are not cognizable under § 2255, they are denied.

### C. Counsel's Failure to Challenge Loss Amount

Movant next contends that his counsel was ineffective for not challenging the loss amount as calculated in the PSI. He argues that the loss amount was violative of *Apprendi*. Movant seems to argue that the loss amount should not have exceeded the amount of restitution. He claims that if counsel had challenged the loss amount, the guidelines would have been lower and he would have received a lesser sentence.

Any challenge to the amount of loss based on a violation of *Apprendi* would have been meritless. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[] and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. "[T]he statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (internal quotation marks omitted). Here, the Court did not impose a sentence in excess of the statutory maximum; and even it had, the sentence was based on an amount of loss admitted by the Movant. There was no violation of *Apprendi*. Furthermore, the amount of loss was agreed to by Movant in his plea agreement. There was no basis for his counsel to object to the loss amount as found in the PSI where Movant had stipulated to that amount. Finally, the amount of loss was established based on the factual proffer where Movant admitted to possession of 5,000 access devices which under the guidelines equate to a loss amount of $2.5 million. *See* USSG §2B1.1, cmt. n.(3)(F)(i) (loss shall not be less than $500 per access device). Given that the amount of loss was properly calculated, counsel was not ineffective for failing to raise a non-meritorious objection to the amount found in the PSI.

       **D.**    *Ex Post Facto* **Claim**

In his final claim, Movant contends that at the time he committed the offense Eleventh Circuit precedent did not classify social security numbers as access devices. He claims that the determination that social security numbers qualify as access devices was not made until 2017, after the completion of his offenses. Movant provides no citations to support these contentions.

Contrary to Movant's contention, in 2017 the Eleventh Circuit recognized that unpublished decisions of the court had previously concluded that a social security number can be an access device. *See United States v. Wright*, 862 F.3d 1265, 1275 (11th Cir. 2017). The court cited cases dating back to 2013 and recognized that other circuit courts had also held that social security numbers qualify as access devices. *Id*. Because the Eleventh Circuit recognized that social security numbers qualified as access devices prior to the date of Movant's conduct, there was no *ex post facto* violation. This claim is denied.

**IV.**    **CERTIFICATE OF APPEALABILITY**

Unless a judge issues a certificate of appealability ("COA"), an appeal may not be taken to the Court of Appeals from the final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

To merit a COA, petitioners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioners need not show that an appeal would succeed among some jurists. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). After all, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full

consideration, that [a] petitioner will not prevail." *Id*. at 338. But, for the reasons explained above, there is no basis to issue a certificate of appealability in this case.

## V.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    The Motion [ECF No. 1] is **DENIED**.

2.    No certificate of appealability shall issue.

3.    The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of September 2021.

---

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Kervens Georges
       17125-104
       Giles W. Dalby
       Correctional Facility
       Inmate Mail/Parcels
       805 North Avenue F
       Post, TX 79356
       PRO SE

       Daya Nathan
       U.S. Attorney's Office
       99 NE 4th Street
       Miami, FL 33132
       Email: Daya.Nathan@usdoj.gov